**TAYLOR & COHEN LLP**

40 Worth Street, 10th Floor
New York, NY 10013
Tel (212) 257-1900
Fax (646) 808-0966
www.taylorcohenllp.com

November 4, 2018

**Electronically Filed**

Hon. John G. Koeltl
United States District Judge
  for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Global Lyme Alliance, Inc. v. Calve*, No. 18-cv-07639 — Request for Pre-Motion Conference Regarding Motion to Dismiss the Amended Complaint

Dear Judge Koeltl:

      We represent the Defendant, Camy Calve, in the above-referenced matter. Ms. Calve intends to file a motion to dismiss the Amended Complaint in this action. Thus, we request a pre-motion conference pursuant to Paragraph 2.A. of Your Honor's Individual Practices.

      We previously wrote to Your Honor on October 24, 2018 requesting a pre-motion conference in reference to Ms. Calve's intention to file a motion to dismiss the original complaint. On October 29, 2018, Plaintiff Global Lyme Alliance, Inc. ("GLA") filed an Amended Complaint. This revised pleading makes only cosmetic changes to the original complaint and merely highlights its deficiencies. Consequently, Ms. Calve intends to file a motion to dismiss the Amended Complaint.

      The Amended Complaint, which alleges diversity of the parties pursuant to 28 U.S.C. § 1332(a) as the basis for federal jurisdiction, contains five causes of action. The First Cause of Action is for breach of contract. The Second Cause of Action seeks a permanent injunction. Causes of Action Three, Four and Five are for unjust enrichment, the imposition of a constructive trust, and replevin. Below is a summary of the bases of the motion to dismiss.

Dismissal Pursuant F.R.C.P. 12(b)(1)

      The motion to dismiss will seek dismissal of the Amended Complaint, pursuant to F.R.C.P. 12(b)(1), on the ground that the pleading fails to allege to a "reasonable probability" that Plaintiff's claims are in excess of the sum or value of $75,000. *See, e.g., Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994 (The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."). It is evident that the Amended Complaint's sparse allegations relating to the amount in controversy, excerpted below, do not meet this standard. Instead they are a compendium of conclusory statements and speculation unsupported by any facts.

Hon. John G. Koeltl
November 4, 2018

> Upon information and belief, Calve is using and continues to use (at the behest of the above referenced former GLA Board members now associated with Project Lyme) GLA's most highly confidential and proprietary, current and potential donor and honoree information for the benefit of Project Lyme, as well as to specifically to cause harm to GLA by attempting to undercut, sabotage and divert key, and her actions, **upon information and belief**, have caused GLA monetary damages in the form of lost participation in and/or donations in connection with GLA's 2018 NYC Gala in an amount substantially in excess of this Court's diversity jurisdiction monetary amount in controversy requirement, and threaten to cause irreparable harm to GLA prospectively, *inter alia*, as concerns GLA's future fund raising efforts including, without limitation, potential loss of participation in future GLA galas and other GLA fundraising efforts.

(Am. Cplt., ¶ 33) (emphasis added).

These allegations suffer from two fatal infirmities. **First**, GLA cannot, with respect to its claim for damages, plead "on information and belief." As the Second Circuit has held, "pleading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader or presumptively within his knowledge, unless he rebuts that presumption." *Sanders v. Grenadier Realty, Inc.*, 367 Fed. Appx. 173, 175 n.2 (2d Cir. 2010) (internal quotation omitted). *See also Cain v. Simon & Schuster, Inc.*, No. 11 Civ. 4460, 2012 WL 2574747, at *2 (S.D.N.Y. July 3, 2012) ("[P]laintiff should not allege upon information and belief matters are presumptively within her personal knowledge."). It is beyond argument that GLA's alleged "monetary damages in the form of lost participation in and/or donations in connection with GLA's 2018 NYC Gala" are precisely the type of matters that are uniquely within GLA's knowledge. (Certainly, Ms. Calve does not have any knowledge of these purported losses.) It is also indisputable that the Amended Complaint is devoid of any allegations to rebut this presumption. *See, e.g.*, *Speedfit LLC v. Chapco Inc.*, 15-CV-1323, 2016 WL 5793738, at *5 (E.D.N.Y. June 29, 2016) ("Plaintiffs fail to rebut the presumption that it is in their personal knowledge.") *adopted by Speedfit LLC v. Chapco Inc.*, No. 15-CV-1323, 2016 WL 5678812 (E.D.N.Y. Sept. 20, 2016).

**Second**, even if GLA could plead "on information and belief" (and it cannot), the allegations would still be deficient. It is well-settled that allegations pled on information and belief "must be accompanied by a statement of the facts upon which the belief is founded." *Vista Food Exchange, Inc. v. Champion Foodservice, LLC*, 124 F. Supp. 3d 301, 310 (S.D.N.Y. 2015) (quoting *McNaughton v. de Blasio*, No. 14 Civ. 221, 2015 WL 468890, at *7 (S.D.N.Y. Feb. 4, 2015). *See also Togut v. Forever 21, Inc.*, 285 F. Supp. 3d 643, 645 (S.D.N.Y. 2018). The Amended Complaint does not contain any such statement of facts. Indeed, the pleading fails to contain a solitary allegation identifying **any** individual or entity who did not participate in GLA's 2018 NYC Gala or donate to the organization as a result of the alleged actions of Ms. Calve.

In the place of facts, the Amended Complaint contains conclusions and speculation in its near-formulaic recitation of the purported basis for diversity jurisdiction. The Amended

Hon. John G. Koeltl
November 4, 2018

Complaint, therefore, fails to meet the Supreme Court's requirement that a pleading's allegations must do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation omitted). Consequently, the Amended Complaint should be dismissed for failure to plead subject matter jurisdiction. *See Mallgren v. Microsoft Corp.*, 975 F. Supp. 2d 451, 456 (S.D.N.Y. 2013) (dismissing case for lack of subject matter jurisdiction where allegations concerning the amount in controversy were "conclusory"); *Wood v. Maguire Automotive, LLC,* 508 Fed. Appx. 65, 65 (2d Cir. 2013) (affirming dismissal for lack of subject matter jurisdiction and holding that "conclusory" allegations of the amount in controversy are "not entitled to a presumption of truth"). *See also Speedfit*, 2016 WL 5793738, at *5 (dismissing claims where plaintiffs "offer no factual support for these allegations on information and belief"); *Segreto v. New York State Dept. of Envtl. Conservation*, No. 12-CV-1961, 2015 WL 729733, at *7 (E.D.N.Y. Feb. 18, 2015) (dismissing claim where allegations on information and belief were based upon "conjecture").

Dismissal Pursuant F.R.C.P. 12(b)(6)

Ms. Calve's motion to dismiss will also seek dismissal of the claims, pursuant to F.R.C.P. 12(b)(6), for failure to state a claim upon which relief can be granted. The gravamen of the Amended Complaint is that Ms. Calve allegedly breach obligations contained in two different written agreements. With respect to the First Cause of Action (breach of contract), the claim fails because, as shown above, GLA's damages allegations are inadequate. *See, e.g. Vista Food Exchange, Inc. v. BenefitMall*, 31 N.Y.S.3d 9, 11 (1st Dept. 2016) ("plaintiff's breach of contract claim would still fail because plaintiff has failed **to properly plead** general or special damages") (emphasis added). As for the Second Cause of Action (permanent injunction), the claim fails because GLA has not pled — and cannot plead — that it lacks an adequate remedy at law. *See, e.g. Mini Mint Inc. v. Citigroup, Inc.*, 922 N.Y.S.2d 313, 315 (1st Dept. 2011) (affirming dismissal of claim for permanent injunction where "plaintiff failed to establish that it does not have an adequate remedy at law, namely monetary damages").

The Third through Fifth Causes of Action (unjust enrichment, constructive trust and replevin) are fatally flawed for two reasons. **First**, as explained above, GLA's damages allegations are hopelessly deficient. **Second**, because an enforceable contract governs the actions alleged in the Amended Complaint, these causes of action are duplicative of the breach of contract claim and should be dismissed. *See, e.g., Rabin v. Mony Life Ins. Co.*, 387 Fed. Appx. 36, 42, (2d Cir. 2010) (affirming dismissal of unjust enrichment claim); *Northern Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 107 (S.D.N.Y. 2013) (dismissing claim for constructive trust); *Aleem v. Experience Hendrix, L.L.C.,* No. 16 CIV 9206, 2017 WL 3105870, at *5 (S.D.N.Y. July 20, 2017) (dismissing claim for replevin).

Respectfully submitted,

_____
Robert Cohen